UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

vs.

RSG CONTRACTING CORPORATION,
Defendant

and

EASTERN CONTRACTORS, INC.,
Reach-and-Apply Defendant

and

ENTERPRISE BANK AND TRUST COMPANY,
Trustee

C.A. No. 05cv10837NMG

---

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary Injunction enjoining reach-and-apply defendant Eastern Contractors, Inc. ("Eastern"), and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary

Injunction order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant RSG Contracting Corporation ("RSG") on account of sums that are due or will hereafter become due RSG from Eastern.

As grounds therefore, plaintiffs state as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavit, plaintiffs have exhibited a likelihood of success on the merits;

2) The reach-and-apply defendant's secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant RSG on account of sums that are due or will hereafter become due RSG from Eastern will result in irreparable injury, loss and damage to the plaintiffs;

3) The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the reach-and-apply defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest;

4) There is no adequate remedy at law;

5) There is no known insurance available to satisfy the judgment the plaintiffs will obtain against defendant RSG; and

6) The funds held by Eastern cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the reach-and-apply defendant and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, to refrain from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing

the value of, or making any payment to defendant RSG on account of sums that are due or will hereafter become due RSG from Eastern. Plaintiffs further request that they be excused from posting a bond.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

_/s/ Anne R. Sills_
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: April __, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he spoke with Eastern Contractors' attorney David Keenan of Quinlan & Sadowski and the parties attempted in good faith to resolve or narrow the issue.

_/s/ Gregory A. Geiman_
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by certified and first class mail upon the defendant, RSG Contracting Corporation at 96 Stedman Street, Lowell, MA 01851 and by first class mail upon the reach-and-apply defendant, Eastern Contractors, Inc. by its attorney David Keenan at Quinlan & Sadowski, 11 Vanderbilt Avenue, Norwood, MA 02062 this __ day of April, 2005.

_/s/ Gregory A. Geiman_
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-511/motpreinj.doc