United States District Court
District of Massachusetts

| | | |
|---|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as Trustees of the International Union of Operating Engineers Local 4 Health and Welfare, Pension and Annuity Funds, LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as Trustees of the Hoisting and Portable Engineers Local 4 Apprentice and Training Funds and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-10837-NMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER AUTHORIZING THE ISSUANCE OF ATTACHMENT BY |
| RSG CONTRACTING CORPORATION, | ) ) | TRUSTEE PROCESS |
| Defendant, | ) ) | |
| and | ) ) | |
| EASTERN CONTRACTORS, INC. | ) ) | |
| Reach-and-Apply Defendant, | ) ) ) | |
| And | ) ) | |
| ENTERPRISE BANK AND TRUST COMPANY, | ) ) ) ) | |
| Trustee Process Defendant. | ) ) ) | |

-1-

**GORTON, J.**

Upon consideration of plaintiffs' *ex parte* motion for attachment by trustee process and the memorandum and affidavit in support thereof, this Court finds that the plaintiffs are likely to recover judgment, including costs and interest, in an amount equal to or greater than the amount of trustee process approved herein. The Court also finds that it is unlikely that the defendant has any insurance available to satisfy a judgment against them in this case. Finally, the Court finds that an *ex parte* order of attachment by trustee process in accordance with Mass.R.Civ.P. 4.2(g) is appropriate because there is a clear danger that, if notified of these proceedings, the defendant will conceal the subject assets or withdraw them from the control of the trustee.

Accordingly, the Clerk of Court shall issue forthwith process for attachment in the form annexed hereto authorizing attachment by trustee process of the accounts, funds or other intangible assets of RSG Contracting Corporation held by Enterprise Bank and Trust Company, the Trustee Process Defendant, up to the amount of $29,121.85, subject to all applicable exemptions and limitations provided by law.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated July 13, 2005

United States District Court
District of Massachusetts

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J.<br>SHAUGHNESSY, as Trustees of the<br>International Union of Operating<br>Engineers Local 4 Health and<br>Welfare, Pension and Annuity<br>Funds, LOUIS G. RASETTA and<br>CHRISTOPHER BARLETTA, as<br>Trustees of the Hoisting and<br>Portable Engineers Local 4<br>Apprentice and Training Funds<br>and INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, LOCAL 4<br><br>        Plaintiffs,<br><br>        v.<br><br>RSG CONTRACTING CORPORATION,<br><br>        Defendant,<br><br>        and<br><br>EASTERN CONTRACTORS, INC.<br><br>        Reach-and-Apply<br>        Defendant,<br><br>        And<br><br>ENTERPRISE BANK AND TRUST<br>COMPANY,<br><br>        Trustee Process<br>        Defendant. | Civil Action No.<br>05-10837-NMG<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>SUMMONS TO TRUSTEE |

-1-

To Enterprise Bank and Trust Company, the above-named Trustee Process Defendant:

You are hereby summoned and required to file, within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods effects or credits, if any, of the defendant, RSG Contracting Corporation, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the plaintiffs, Louis G. Rasetta and John J. Shaughnessy, as Trustees of the International Union of Operating Engineers Local 4 Health and Welfare, Pension and Annuity Funds, Louis G. Rasetta and Christopher Barletta, as Trustees of the Hoisting and Portable Engineers Local 4 Apprentice and Training Funds and International Union of Operating Engineers, Local 4, may recover in an action brought against the said defendant in this Court to the value of $29,121.85. Such goods, effects or credits are hereby attached. If you do not do so, judgment by default will be taken against you and you will be adjudged trustee as alleged.

The complaint in this case was filed on April 25, 2005. This attachment was approved on July 13, 2005 by United States District Judge Nathaniel M. Gorton in the amounts stated above.

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal

services of said defendant, you are hereby notified that an amount not exceeding $125 per week of such wages are exempt from this attachment and you are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If the said credits include a pension payable to said defendant which is not otherwise exempt by law from attachment, you are hereby notified that an amount not exceeding $100 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100 per week hereafter, are exempt from this attachment and you are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperative bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, Chapter 246, Section 28A, $500 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of

the amount thereof). No business, trust, or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500 exemption at any one time.

Dated this  13  day of  July   
    2005   .

        SARAH A. THORNTON  
        CLERK OF COURT

By: _Elizabeth E. Jefther_  
    Deputy Clerk